**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**DELILAH BOBINGER AND STEVEN WALLER**
**obo and AS NEXT OF FRIEND FOR M.W., a minor,**
**WRONGFUL DEATH BENEFICIARIES OF JENNIFER**
**FOSTER, DECEASED**                                         **PLAINTIFFS**

**VS.**                        **CIVIL ACTION NO.: 1:22-cv-00140-HSO-BWR**

**JACKSON COUNTY, MISSISSIPPI,**
**MIKE EZELL, Individually and as SHERIFF OF**
**JACKSON COUNTY, MISSISSIPPI,**
**CITY OF OCEAN SPRINGS, MISSISSIPPI,**
**VITALCORE HEALTH STRATEGIES, LLC,**
**JOHN DOE OFFICERS, Individually and as**
**Sheriff Deputies and Correction Officers for JACKSON**
**COUNTY ADULT DETENTION CENTER and**
**JACKSON COUNTY SHERIFF,**
**JOHN DOE OFFICERS, Individually and as Supervisors**
**of Arresting Police Officers for the CITY OF OCEAN**
**SPRINGS and OCEAN SPRINGS POLICE DEPARTMENT**        **DEFENDANTS**

**FIRST AMENDED COMPLAINT**

**COMES NOW,** Delilah Bobinger and Steven Waller, obo and as Next of Friend for

M.W., a Minor, Wrongful Death Beneficiaries of Jennifer Foster, Deceased, in the above styled

and numbered civil action, and files this First Amended Complaint against the above-named

Defendants, and in support thereof respectfully show the Court as follows:

**PARTIES AND SERVICE**

1.      Plaintiff, Delilah Bobinger is the natural daughter and wrongful death beneficiary of

Jennifer Foster, Deceased, and is a citizen of the United States, the State of Mississippi, and an

adult resident of Biloxi, Harrison County, Mississippi.

2.      Plaintiff, Steven Waller, is the natural Father and Next of Friend for M. W., a minor,

and natural daughter and wrongful death beneficiary of Jennifer Foster, Deceased, and is a

citizen of the United States, the State of Alabama, resident of Irvington, Alabama.

3.      Defendant, Jackson County, Mississippi is a political subdivision of the State of Mississippi and is the entity responsible for the oversight, funding, regulation and control of the Jackson County Sheriff's Office and the Jackson County Adult Detention Center.  The Defendant may be served with complaint pursuant to Mississippi Law and Rules of Procedure.

4.      Defendant, Mike Ezell, Individually and as Sheriff of Jackson County, Mississippi is a public official of Jackson County, Mississippi and is the entity responsible for the oversight, funding, regulation, and control of the Jackson County Sheriff's Office and the Jackson County Adult Detention Center.  The Defendant may be served with complaint pursuant to Mississippi Law and Rules of Procedure.

5.      Defendant, City of Ocean Springs, Mississippi is a political subdivision of the State of Mississippi and is the entity responsible for the oversight, funding, regulation and control of the Ocean Springs Police Department and Police Officers. The Defendant may be served with complaint pursuant to Mississippi Law and Rules of Procedure.

6.      Defendant, VitalCore Health Strategies, LLC is believed to be a foreign company licensed to do, and currently doing, business in the State of Mississippi and may be served with summons and Complaint by serving its registered agent, C.T. Corporation System, 645 Lakeland East Drive, Ste. 101, Flowood, MS 39232, or by serving its CEO, Viola Riggin or other appropriate officer, at its principal place of business located at 719 SW Van Buren Street, Ste. 100, Topeka, KS 66603 or by any means pursuant to the Mississippi Law and Federal Rules of Civil Procedure.

7.      Defendants, John Doe Sheriff Deputies and Correction officers for Jackson County, Mississippi, Jackson County Sheriff Department and Jackson County Adult Detention Center are unknown officers, intake officers, Correction Officers and/or Guards for the Jackson County Adult Detention Center.  All allegations made in this complaint are asserted against the John Doe

Defendants and said claims shall relate back to this filing upon discovery of the John Doe Defendants' identities pursuant to the Federal Rules of Civil Procedure.

8.      Defendants, John Doe Police Officers for the City of Ocean Springs, Mississippi and Ocean Springs Police Department are unknown officers, arresting officers, transport officers and/or intake officers, and/or Guards for the Ocean Springs Police Department.  All allegations made in this complaint are asserted against the John Doe Defendants and said claims shall relate back to this filing upon discovery of the John Doe Defendants' identities pursuant to the Federal Rules of Civil Procedure.

**JURISDICTION, VENUE, and NOTICE UNDER**
**MISSISSIPPI CODE SECTION 11-46-11 AND Title 42 U.S.C § 1983**

9.      This cause of action occurred or accrued in Jackson County, Mississippi; and pursuant to Federal law, Removal, and diversity, venue is proper in this Court.  Further, this court has jurisdiction over this cause of action and the parties pursuant to Federal law, Removal and diversity.

10.     Further, this action also arises under the United States Constitution including, but not limited to, the Fourth, Eighth and Fourteenth Amendment to the United States Constitution, and Title 42 U.S.C § 1983, and pursuant to the United States Supreme Court, this Court has concurrent subject matter jurisdiction with federal courts over 42 U.S.C § 1983 claims.

11.     Further, Venue is proper as one or more of the Defendants reside in Jackson County, Mississippi and the cause of action arises in Jackson County Mississippi.

**CONDITIONS PRECEDENT**

12.     All conditions precedent has been performed or have occurred. Further, Pursuant to Mississippi Code Section 11-46-11 et seq., Plaintiff provided proper notice to the Defendants by certified mail and personal service.

## FACTS

### DECEDENT, JENNIFER FOSTER, IN MEDICAL CRISIS THROUGHOUT ARREST AND INCARCERATION

13.     It is well known, or should be known, by Counties and Municipalities, and the corresponding police officers, correctional officers, and correctional facilities, that tens of millions of United States Citizens suffer from diabetes and that a life threating diabetic medical emergency may arise due to low or high blood sugar and that a diabetic in a diabetic medical emergency may appear to be intoxicated or under the influence of alcohol or drugs.

14.     The American Diabetes Association and similar entities have been providing police departments, jails and prisons guidelines and medical screening protocols to recognize and prevent diabetic medical crisis during arrests and detention.

15.     Accordingly, the Defendants knew, or should have, known the symptoms of diabetic medical crises include Confusion, slurred speech, drowsiness, extreme thirst, excessive perspiration, fruity breath odor (may smell like alcohol on the breath), and unconsciousness which if left untreated can lead to diabetic ketoacidosis and death.

16.     The Plaintiffs' mother, Decedent, Jennifer Foster, was arrested on at least two occasions, believed to be June 30, 2020 and August 16, 2020 and taken to the Jackson County Adult Detention Center where she experienced a diabetic medical crisis.  Accordingly, the Defendants, Jackson County, through the Jackson County Sheriff Office, Jackson County Sheriff, and the Jackson County Adult Detention Center, was aware of Jennifer Foster's diabetic condition and history of diabetic medical crisis due to uncontrolled diabetes.

17.     On October 9, 2020, Plaintiffs' mother, Jennifer Foster, was in medical crisis at the

convenience store called the Circle K gas station located at 1104 Bienville, Ocean Springs, Mississippi. Defendants, City of Ocean Springs, through the Ocean Springs Police Department were called due to a report of an individual appearing under the influence of alcohol.

18.     Defendant, City of Ocean Springs, through Police Officers, Patrick Pierce, Sutton Everett, Jonathan Carroll, Parker Bourque and Al Parker (Ocean Springs Police Officers) were dispatched or otherwise arrived at the store and found Plaintiffs' mother, Jennifer Foster, seated and non-violent, but disoriented, confused, thirsty, perspiring and acting drowsy with slurred speech.

19.     The interaction between Jennifer Foster and the City of Ocean Springs and its Police Officers from initial contact, arrest, and transportation of Jennifer Foster to the Jackson County Adult Detention Center was captured on Body Cameras and Dashboard Camera's.

20.     The City of Ocean Springs through its Police Department exhibited conduct and demeanor that was condescending, aggressive, belittling, unprofessional, unconcerned, grossly negligent, and deliberately indifferent rising to the level of intent to cause harm throughout the video footage.

21.     Officer Patrick Pierce confronted Jennifer Foster (Body Cam, Pierce 06:48 – 06:51). Officer Pierce asked Jennifer Foster if she is Ok and why she was trying to get in other people's cars. Jennifer Foster is clearly confused, slurred speech, drinking water, and trying to answer saying she is trying to get home. While Jennifer Foster is trying to answer, Officer Pierce tells her, "Hey, keep your mouth shut." *Id.*

22.     Officer Pierce asks Jennifer Foster where she lives, and she responds that she lives in Latimer and that she has been trying to get home for two days. *Id.*

23.     Recognizing that her response makes no sense, the City of Ocean Springs Police officer responds with derision that she could walk to Latimer in less than two days. *Id.* Officer Pierce

and other Ocean Springs Police officers recognize that Jennifer Foster, due to her exhibiting conduct that is disoriented, confused, thirsty, perspiring drowsiness and slurred speech, that she is either intoxicated or having a medical crisis. *Id.*

24.    Officer Pierce asks Jennifer Foster if she has been drinking, and she immediately responded that she does not drink or use drugs. However, Ms. Foster notifies the Ocean Springs Police officers that she just got her "insulin back." *Id.*

25.    The City of Ocean Springs Police officer Pierce acknowledges Ms. Foster's statement about her insulin and asks if she has taken it. Ms. Foster mumbles "yes." Recognizing the substantial risk of serious harm to Ms. Foster if she is having a diabetic crisis, Officer Pierce asks if she wants him to call an ambulance to come check her out. *Id.*

26.    Ms. Foster declines the ambulance. The City of Ocean Springs Police officers knew, or should have known, that Ms. Foster was incapable of making a rational decision concerning a medical screening due to her obvious state of confusion and her erratic conduct. Despite this knowledge, the City of Ocean Springs Police officers, inform Ms. Foster she can go with an ambulance or go to jail. (Body Cam, Pierce 06:50 - 06:51) (Body Cam, Everett 06:50 – 06:51). The City of Ocean Springs acted with reckless disregard and deliberate indifference arising to the level of intent to cause harm.

27.    The City of Ocean Springs Police officers continued to act with reckless disregard and deliberate indifference arising to the level of intent to cause harm. With the following exchange:

Jennifer Foster: "I don't want to go to jail"

Officer Pierce: "We don't want you to, but we've seen you already three times"

Jennifer Foster: (mumbling, inaudible slurred speech)

Officer Pierce: "you've been stumbling, you can't stand up, so you sure, you sure you're good? Sure you don't want me to get Acadian just to come and check you out?"

Jennifer Foster: (mumbling and slurring) "No, Sir."

Officer Pierce: "They can check you out and make sure your sugar and your blood's ok, and then if you need to go with them instead of us, you can do that."

Jennifer Foster: (mumbling and non-responsive to the question asked) "....Thirty minutes . . . probably . . ."(Body Cam, Pierce 06:50 - 06:51).

28.     The above exchange shows that the City of Ocean Springs Police officers appreciated the serious harm to Jennifer Foster by failing to provide medical screening and acted with reckless disregard and deliberate indifference arising to the level of intent to cause harm.

29.     Despite continual and increasing signs of diabetic medical crises, for the remaining portions of all the City of Ocean Springs Police officers' body cameras and dashboard cameras, an ambulance or medical screening/intervention is never provided; in fact, it is never mentioned again.  (All Body Cam and Dashboard Cam, 6:50 to 7:35).

30.     The Defendant, City of Ocean Springs, through the  Ocean Springs Police Department, Dispatch, was informed by Officer Everett that Jennifer Foster was a diabetic (Body Cam, Everett 06:53), however, the Defendants failed to provide medical aid, screening, or treatment pursuant to the Defendants' established custom or policy which was the moving force behind Plaintiffs' injury and Ms. Foster's death and constitutional violations.  Upon information and belief, there were additional incidents of failing to provide medical aid, screening and treatment resulting in injury and constitutional violations.

31.     The body cameras and dashboard cameras of the Ocean Springs Police officers reveals Jennifer Foster getting progressively more confused, slurring, and exhibiting excessive thirst (drinking throughout the encounter) and sweating profusely.  In fact, during the time the Oceans Springs Police officers were handcuffing Ms. Foster, she is asked, "Why are you soaking wet?" (Body Cam, Pierce, 07:08) (Body Cam, Bourque, 07:09).

32.     During transport Jennifer Foster's condition continues to get progressively worse with more confusion, incoherent responses, slurring, and periods of unconsciousness.  (Back Seat Cam, Parker – Bourque, 07:14 – 07:35).

33.     During transport, Jennifer Foster attempts to inform the Ocean Springs Police officer that she needs to eat/drink due to her increasing diabetic crisis.  "Can you stop at a store . . . get a chocolate milk . . ."  She is ignored as she goes in and out of consciousness (Back Seat Cam, Parker – Bourque, 07:17 – 07:18).

34.     Jennifer Foster is booked into the Jackson County Adult Detention center in severe diabetic medical crisis.

35.     The Defendants, Jackson County, through the Jackson County Sheriff, the Jackson County Adult Detention Center, and John Doe officers, were aware of Jennifer Foster's diabetic condition and history of diabetic medical crisis due to uncontrolled diabetes.  Jennifer Foster, was arrested on at least two occasions, believed to be June 30, 2020 and August 16, 2020, and taken to the Jackson County Adult Detention Center where she experienced a diabetic medical crisis.  In addition to her own prior incidents, there were additional incidents of failing to provide medical aid, screening and treatment resulting in injury and constitutional violates.

36.     The Defendant, Jackson County, through Jackson County Sheriff Office, Jackson County Sheriff, the Jackson County Adult Detention Center, and John Doe officers, now known to be Defendant, VitalCore Health Strategies, LLC, pursuant to established custom or policy, failed to provide medical screening, medical aid or medical treatment for Jennifer Foster's diabetic medical crisis and acted with reckless disregard and deliberate indifference arising to the level of intent to cause harm.

37.     While being held in jail, Jennifer Foster's diabetic medical crises continued to spiral out

of control and it was reported that she was acting crazy, naked, refusing to leave the cell.  (Ocean Springs Police Report, Incident # 2020023874).  The Defendant, Jackson County, through Jackson County Sheriff Office, Jackson County Sheriff, the Jackson County Adult Detention Center, and John Doe officers, now known to be Defendant, VitalCore Health Strategies, LLC, pursuant to established custom or policy, continued to fail to provide medical screening or monitoring of a person in medical crisis while in custody and acted with reckless disregard and deliberate indifference arising to the level of intent to cause harm.

38.     The Plaintiffs learned through various discovery tools and requests after filing the Plaintiffs' original complaint, that Defendant, VitalCore Health Strategies, LLC (hereinafter "Defendant or VitalCore"), by and through its employees, was acting as the medical officers for Defendant, Jackson County at the Jackson County Adult Detention Center.  In the original Complaint, Plaintiffs asserted all claims against John Doe officers for Jackson County, and all claims asserted in the original complaint relate back pursuant to Federal and Mississippi Law and Rules of Procedure.

39.     Further, pursuant to contract with Defendant, Jackson County, Defendant, VitalCore, was acting as an independent contractor and was required to provided services that, as a minimum, observed and complied with the Standards for Health Services in Jails developed by the American Medical Association and adopted by the National Commission of Correctional Health Care (NCCHC), and such services shall meet the standards for the NCCHC, the American Correctional Association (ACA) standards and the constitutional standards for the care of inmates.  Defendant, VitalCore violated and failed to meet the above standards or follow the appropriate polices in the care and screening of inmate, Jennifer Foster, resulting in her death.

40.     Defendant, VitalCore was required to conduct an initial screening of Jennifer Foster by a qualified medical professional, and at a minimum, determining and documenting an inmate's

current illnesses and health problems, necessary medications, and special health requirements. Further, Defendant, VitalCore was required to make behavior observations, including state of consciousness, mental status, and determine if the inmate is under the influence of alcohol or drugs. Defendant, VitalCore failed to provide the appropriate screening and/or care in light of the above alleged facts, resulting in the death of Jennifer Foster.

41.     Defendant, VitalCore, was required to provide care to Jennifer Foster pursuant to the terms and conditions under its contract with Defendant, Jackson County, and VitalCore's acts and omissions alleged in this complaint resulted in the death of Jennifer Foster.

42.     Jennifer Foster died at the Jackson County Adult Detention Center. Her death certificates states the date and time of death was 00:27, October 10, 2020.  The death certificate states the cause of death was Diabetic Ketoacidosis.

## ACTION FOR DEPRIVATION OF CIVIL RIGHTS
## FOURTH AND FOURTEENTH AMENDMENTS
### (42 U.S.C § 1983)

43.     The Plaintiffs incorporate by reference and re-alleges the facts and information set forth in the foregoing paragraphs with the same force and effect as if set forth verbatim.

44.     The Plaintiffs' decedent, Jennifer Foster, had a constitutional right to be free from bodily harm.  Further, it was a violation of her constitutional rights to be falsely arrested for public drunk.

45.     The Plaintiffs' decedent, Jennifer Foster, had a right to have her serious medical needs addressed and treated when in custody of the Defendants.

46.     At all times, the Defendants were acting under color of law, and/or pursuant to contract.

47.     The Defendants were aware of, or should have been aware of, Jennifer Foster's diabetes, and through her conduct, could infer, and did infer that she was in medical crises that could result in serious harm and Injury.

48.     The Defendants were aware of, or should have been aware of, Jennifer Foster's diabetic condition and history diabetic medical crisis due to uncontrolled diabetes, and could infer, and did infer that she was in medical crises that could result in serious harm and Injury.

49.     The Defendants reckless disregard and deliberate indifference arising to the level of intent to cause harm by failing to provide medical screening, medical aid or medical treatment, and the Defendants reasonably knew that such failure would result in the violation of her clearly established constitutional rights.

50.     As a direct and proximate consequence of the Defendants' actions, deliberate indifference and intent to violate Jennifer Foster's constitutional rights, Jennifer Foster died, resulting in the Plaintiffs' injury and damages.

### ACTION FOR DEPRIVATION OF CIVIL RIGHTS
### FOURTH AND FOURTEENTH AMENDMENTS
### COUNTY AND MUNICIPALITIES CUSTOM AND POLICY

51.     The Plaintiffs incorporate by reference and re-alleges the facts and information set forth in the foregoing paragraphs with the same force and effect as if set forth verbatim.

52.     Defendants, were acting under color of law and/or contract, and engaged in a course of conduct and to implement a policy, custom, usage, plan or practice concerning providing medical screening, medical aid, and medical treatment while in custody of a citizen, such as Plaintiffs' decedent, Jennifer Foster, that the rights, privileges or immunities of the Plaintiffs and Plaintiffs' decedent, Jennifer Foster were violated.

53.     The County and Municipal Defendants course and practice and prior incidents of failing to provide medical screening, medical aid, and medical treatment for a person in custody that is having a medical crisis, including a diabetic medical crisis, establish a custom or policy that results in a constitutional violation.

54.     The County and Municipal Defendants knew that persons being detained

and held in custody may be diabetic.  Further, the Defendants knew that a life threating diabetic medical emergency may arise due to low or high blood sugar and that a diabetic in a diabetic medical emergency may appear to be intoxicated or under the influence of alcohol or drugs.

55.     The County and Municipal Defendants knew the symptoms of diabetic medical crises include confusion, slurred speech, drowsiness, extreme thirst, excessive perspiration, fruity breath odor (may smell like alcohol on the breath), and unconsciousness which if left untreated can lead to diabetic ketoacidosis and death.

56.     The County and Municipal Defendants knew that persons being held in custody have a clearly established constitutional right to have their medical needs addressed through medical screening, medical aid, and medical treatment.

57.     However, the County and Municipal Defendants established and/or acquiesced in the policy and custom of not providing medical screening, medical aid, and medical treatment to individuals in custody, such as Plaintiffs' decedent, Jennifer Foster, which is the moving force behind the violation of constitutional rights as alleged in this complaint.

58.     The County and Municipal Defendants were the Government officials and decision makers whose edicts and acts represent the official policy of the Defendants.  The policy and custom of failing to provide medical screening, medical aid, and medical treatment to a known diabetic, represents deliberate indifference for the rights of persons being held in custody and shocks the conscience and arises to a deliberate and intentional decision to deprive the Plaintiffs and the Plaintiffs' decedent, Jennifer Foster of her constitutional rights.

59.     As a direct and proximate consequence of the Defendants' actions, established policy or custom and/or acquiescence in the established policy or custom, and the Defendants deliberate indifference and intent to violate Jennifer Foster's constitutional rights, Jennifer Foster died, resulting int the Plaintiffs' injury and damages.

### ACTION FOR DEPRIVATION OF CIVIL RIGHTS
### FOURTH AND FOURTEENTH AMENDMENTS
### FAILURE TO ADEQUATELY TRAIN AND SUPERVISE EMPLOYEES

60.     The Plaintiffs incorporate by reference and re-alleges the facts and information set forth

in the foregoing paragraphs with the same force and effect as if set forth verbatim.

61.     The County and Municipal Defendants failed to provide adequate and competent training

and/or supervision to their employees and officers to recognize a diabetic medical crisis.

62.     The County and Municipal Defendants failed to provide adequate and competent training

and/or supervision to their employees and officers to follow proper procedures and protocols

when they know the person being held is a diabetic and exhibiting symptoms of being in a

diabetic medical crisis.

63.     The County and Municipal Defendants failed to provide adequate and competent training

and/or supervision to their employees and officers to provide medical screening, medical aid, and

medical treatment to a person such as the Plaintiff's decedent that is having a diabetic medical

crisis.

64.     The Defendants knew Jennifer Foster was a diabetic and knew she was exhibiting

symptoms of diabetic medical crises, but the failure to properly train and supervise its employees

resulted in the deliberate indifference of the rights and safety of those being held in custody,

including Jennifer Foster, and shocks the conscience, and arises to deliberate decision by the

Defendants to deprive the Plaintiffs and the Plaintiff's decedent of her constitutional rights.

65.     As a direct and proximate consequence of the Defendants' actions, and failure to

adequately train and/or supervise its employees, and the Defendants deliberate indifference and

intent to violate Jennifer Foster's constitutional rights, Jennifer Foster died, resulting int the

Plaintiffs' injury and damages.

### NEGLIGENCE AND FAILURE TO SUPERVISE AND TRAIN

66.     The Defendants were negligent and/or failed to keep persons in their custody reasonably safe, and failed to provide medical screening, medical aid, and medical treatment to persons in their custody, failed to monitor, control persons in custody which is the direct cause of the resulting damages of the Plaintiffs and the death of Jennifer foster.  Further, the Defendants failed to adhere, follow, and/or enforce safety rules, policy and/or regulations for diabetics exhibiting symptoms of medical crises.

67.     The Defendants were the individuals and/or entities responsible to maintain proper control of, and safety for, persons being detained or in custody, such as Plaintiffs, but failed to properly supervise, control, monitor, and provided necessary medical screening, medical aid, and medical treatment for persons being detained and held in custody and the failed to exercise ordinary care.

68.     The aforesaid injury and incident sued on herein was the fault of, and proximately caused by the negligence of the Defendants in the following, non-exclusive respects:

   a.  By creating a dangerous condition and/or failing to maintain proper control, monitor, and provide medical screening, medical aid, and medical treatment of its persons being detained or held in custody.

   b.  By failing to properly supervise and monitor persons being detained or held in custody.

   c.  By failing to exercise ordinary care;

   d.  By breaching ministerial duties owed to the Plaintiffs and the Plaintiffs' decedent Jennifer Foster and violating Revised statues of the State of Mississippi, as well as rules, and/or regulations governing Police, Police Departments and detention centers, all of which are pled as if copied herein in extensor; and,

   e.  All other acts of negligence which were the cause of the incident sued upon and will be shown through litigation in this matter.

69.     Additionally, all acts and/or omissions by the employees of Defendants,

individually and as employee of the Defendants, were done in the course and scope of employment; therefore, Defendants, are vicariously responsible for any harms or losses caused by its employee through the doctrine of *Respondeat Superior*, which Plaintiff affirmatively asserts.

## DAMAGES

70.    Plaintiffs sustained actual and consequential damages as a direct result of the actions and/or omissions of the Defendants described herein.

71.    As a direct and proximate result of the Defendants' acts and omissions the Estate of Jennifer Foster suffered impairment, pain, suffering and death.  The Estate is therefore entitled to recover all reasonable and necessary medical and funeral expenses, and loss of earning capacity.

72.    The Plaintiffs have suffered pecuniary loss, mental anguish, loss of companionship, loss of love and affection, loss of society, loss of inheritance, and other damages to be shown at trial.

## PUNITIVE DAMAGES

73.    In addition, the foregoing facts, acts and omissions were committed with the kind of willfulness, gross negligence, and deliberate indifference which rises to the level of intentional conduct and gives rise to a claim for punitive damages in an amount necessary to punish the Defendants and prevent future conduct.

## ATTORNEY FEES AND PREJUDGMENT INTEREST

74.    Plaintiffs are further entitled to receive reasonable attorney fees pursuant to 42 U.S.C § 1988.

75.    Plaintiffs are entitled to receive pre-judgement and post judgment interest at the highest rate allowable by law.

       **WHEREFORE,** your Plaintiffs, pray that Defendants, be served with a copy of this Complaint, and after being duly cited to appear and answer hereto, and after the expiration of all

legal delays and due proceedings are had, that there be judgment rendered herein in favor of

Plaintiffs, and against Defendants as alleged, in the highest amount allowable by law and jury,

together with legal interest, and for all costs of these proceedings including expert witness fees to

be taxed as costs of court, and for all legal and equitable relief this honorable court shall deem

appropriate.

Further, a **TRIAL BY JURY** is requested on all issues raised herein.

**RESPECTFULLY SUBMITTED**, this the 12th day of January, 2023.

> **DELILAH BOBINGER AND STEVEN WALLER**
> **obo and AS NEXT OF FRIEND FOR M.W., a minor,**
> **WRONGFUL DEATH BENEFICIARIES OF**
> **JENNIFER FOSTER, DECEASED**
> **PLAINTIFFS**
>
> **BY:**
>
> _____
> **CHRISTOPHER E. FITZGERALD, MSB #10668**

Christopher E. Fitzgerald
MORRIS BART
1712 15TH Street, Suite 300
Gulfport, Mississippi 39501
Tel.: 228-276-0306
Fax: 228-284-1936
Chfitzgerald@morrisbart.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Amended Complaint Pursuant to the Federal Rules of Civil Procedure, on the following counsel of record which is their normal business address:

James H. Colmer, MB #6841
Jackye C. Bertucci, MB #9851
Post Office Box 998
Pascagoula, MS 39568-0998
Phone: (228) 769-3371
Fax: (228) 769-3119
E-mail:  jcolmer@jcboardatty.com
E-mail:  jbertucci@jcboardatty.com

*Attorney for Defendant Jackson County, et al.*

Robert W. Wilkinson, MB # 105713
Will R. Norman, MB # 105713
734 Delmas Avenue (39567)
Post Office Box 1618
Pascagoula, MS 39568-1618
Phone: (228) 762-2272
Fax: (228) 762-3223
E-mail: rwilkinson@wwbslaw.com
E-mail: rwilkinson@wwbslaw.com

*Attorney for Defendant City of Ocean Springs*

**CERTIFIED** this the 12th day of  January, 2023.

BY: _____
CHRISTOPHER FITZGERALD, MSB# 10668

MORRIS BART, LTD
1712 15TH STREET , SUITE 300
GULFPORT, MS 39501
PHONE: 228-276-0306
FAX:  228-284-1936
E-MAIL:  cfitzgerald@morrisbart.com